WESTERN UNION TELEGRAPH COMPANY v. J. A. J. BRADFORD.

Decided January 6, 1906.

**Letters and Telegrams—Contents—Hearsay.**

It was error to permit the plaintiff to testify as to the contents and effect of certain letters and telegrams received by him from his agent, showing purchases and sales by said agent for plaintiff. Such testimony was hearsay.

Appeal from the District Court of Nolan County. Tried below before Hon. James L. Shepherd.

*W. K. Homan, N. L. Lindsley* and *Geo. H. Fearons,* for appellant.— The testimony of the plaintiff Bradford to facts not within his personal knowledge, and based upon telegrams and letters purporting to have been received from his agents in St. Louis, was hearsay and incompetent. Kirby Lumber Co. v. Cummings, 12 Texas Ct. Rep., 810; Greenleaf on Evidence, vol. 1, secs. 99, 124.

*Beall & Beall,* for appellee.

STEPHENS, Associate Justice.—The court erred in permitting the appellee to reproduce the contents and state the effect of letters and telegrams received by him from his agent, the commission company in St. Louis, Mo., showing purchases and sales of grain by said agent for appellee. That this testimony was subject to the objection made to it, that it was hearsay, there can be no doubt. For a late case in .point, see Kirby Lumber Co. v. Cummings & Co., 12 Texas Ct. Rep., 810. The fifth and sixth assignments of error must therefore be sustained.

We find no merit in other assignments.

Because of the errors pointed out, the judgment is reversed and the cause remanded for a new trial.

*Reversed and remanded.*